UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
WICHITA DIVISION

**STATE OF KANSAS,** *ex rel.*
**KRIS W. KOBACH,** Attorney General,

    *Plaintiff*,

v.

**PFIZER INC.,**

    *Defendant.*

Case No. 6**:**24-cv-01128

### PFIZER INC.'S NOTICE OF SUPPLEMENTAL AUTHORITY

Defendant Pfizer Inc. removed this action to federal court, because, among other reasons, Pfizer is a federal officer entitled to immunity under the Public Readiness and Emergency Preparedness Act ("PREP Act"), the Complaint raises important questions of federal law, and the PREP Act completely preempts all claims. The Office of the Attorney General for the State of Kansas ("OAG") moved to remand, and Pfizer timely opposed. Pfizer respectfully submits supplemental authority in support of its Opposition to the State of Kansas's Motion to Remand ("Opposition") (ECF 25).

As noted in Pfizer's Opposition, the Texas Attorney General filed a similar complaint against Pfizer, which was removed to federal court on the same jurisdictional grounds. Texas did not seek remand, and the U.S. District Court retained jurisdiction. (ECF 25 at 2). Pfizer then moved to dismiss Texas's complaint, asserting the same federal defenses under which Pfizer removed this action. On December 30, 2024, the district court dismissed Texas's complaint and rendered judgment for Pfizer, finding that "as a matter of law under the circumstances of this case, ***the Defendant is entitled to immunity under the [PREP Act]***," and "***both the PREP Act and the Food, Drug, and Cosmetic Act ("FDCA") preempts Plaintiff's claims***." *See Texas v. Pfizer, Inc.*,

Case No. 5:23-cv-00312 (N.D. Tex.) (Ex. 1) (emphasis added). Although there is not a pending motion to dismiss in this case, it stands to reason that the same grounds for immunity and preemption found applicable by the U.S. District Court for the Northern District of Texas are "colorable" or "plausible" defenses sufficient to confer jurisdiction here. This Order confirms that Pfizer has, not only colorable, but meritorious federal defenses entitling it to federal officer removal under 28 U.S.C. § 1442(A)(1). (*See* ECF 25 at 17-20). It further shows that the OAG's claims are so entwined with important questions of federal law that they are preempted by two federal statutes. (*See* ECF 25 at 21-28). This case therefore belongs in federal court.

For these reasons and the reasons stated in its Opposition, Pfizer respectfully requests that the Court deny Kansas's Motion to Remand.

December 30, 2024

Andrew J. Hoffman II
Admitted *pro hac vice*
Andrew.Hoffman@dlapiper.com
**DLA Piper LLP (US)**
2000 Avenue of the Stars
Suite 400, North Tower
Los Angeles, CA 90067
Telephone:  310.595.3000

Meagan D. Self
Admitted *pro hac vice*
Meagan.Self@dlapiper.com
**DLA Piper LLP (US)**
1900 North Pearl Street
Suite 2200
Dallas, TX 75201
Telephone: 214.743.4500

Lianna Bash
Admitted *pro hac vice*
Lianna.Bash@dlapiper.com
**DLA Piper LLP (US)**
701 Fifth Avenue
Suite 6900
Seattle, WA 98104
Telephone:  206.839.4000

Respectfully submitted,

*/s/ Dane C. Martin*
Dane C. Martin
Kansas Bar No. 25560
dmartin@spencerfane.com
**Spencer Fane LLC**
1000 Walnut Street
Suite 1400
Kansas City, Missouri 64106
Telephone: (816) 474.8100

Carlton E. Wessel
Admitted *pro hac vice*
Carlton.Wessel@dlapiper.com
**DLA Piper LLP (US)**
500 Eighth Street, NW
Washington, D.C. 20004
Telephone:  202.799.4000

2

**CERTIFICATE OF SERVICE**

    I hereby certify that on December 30, 2024, I caused a true and correct copy of the foregoing to be filed by the Court's electronic filing system, to be served by operation of the Court's electronic filing system on all counsel for all parties who have entered in the case.

                                                      */s/ Dane C. Martin*
                                                      Dane C. Martin