IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| STATE OF TEXAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| PFIZER, INC., ) | |
| ) | |
| Defendant. ) | Civil Action No. 5:23-CV-312-C |

# ORDER

On this date, the Court considered Defendant's Rule 12(b)(6) Motion to Dismiss Plaintiff's Complaint [ECF No. 17], along with the Brief in Support [ECF No. 18]. The Court further considered Plaintiff's Opposition to the Motion to Dismiss [ECF No. 23], along with Defendant's Reply [ECF No. 27]. Finally, the Court considered the Supplemental Authority filed by Defendant. The Court need not repeat the issues and facts presented in light of the Parties' extensive and thorough briefing on the same. The issues relevant to the Motion to Dismiss turn on questions of law that can be decided on the pleadings.

After careful consideration of the arguments, applicable law, and circumstances presented, the Court finds that the Motion to Dismiss is **GRANTED**.

More specifically, the Court finds that as a matter of law under the circumstances of this case, the Defendant is entitled to immunity under the Public Readiness and Emergency Act ("PREP Act").[1] Moreover, both the PREP Act and the Food, Drug, and Cosmetic Act ("FDCA")

---

[1] Defendant asks the Court to take judicial notice of the circumstances related to the COVID-19 pandemic, Operation Warp Speed, and national emergency that was declared in relation to the pandemic. The Court takes judicial notice of these facts and circumstances.

preempts Plaintiff's claims. Finally, the Court finds that the alleged statements by Defendant were not connected to any "trade or commerce" or any "consumer transaction."

Thus, Plaintiff's claims against Defendant are hereby **DISMISSED** for essentially the reasons argued in the Motion and Reply.

SO ORDERED.

Dated this 30th day of December, 2024.

_____
SAM R. CUMMINGS
SENIOR UNITED STATES DISTRICT JUDGE