UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **STATE OF KANSAS**, *ex rel.* )<br>**KRIS W. KOBACH**, Attorney General, )<br> )<br>    Plaintiff, )<br> )<br>v. )<br> )<br>**PFIZER INC.**, )<br> )<br>    Defendant. )<br>_____) | Case No. 6:24-cv-01128-DDC-BGS |

### KANSAS' RESPONSE TO PFIZER'S NOTICE OF SUPPLEMENTAL AUTHORITY

To support its federal jurisdiction arguments, Pfizer presents a four-paragraph order containing no federal jurisdiction findings. Doc. 28-1. Still Pfizer extrapolates that the Texas court's non-existent jurisdictional analysis supports its three removal arguments here.

Pfizer extrapolates too far. Pfizer claims the Texas order supports *Grable* jurisdiction. Doc. 28, at 2 (citing *Grable* arguments in Doc. 25, at 21-25). But Pfizer's *Grable* arguments only targeted Kansas' consent judgment and civil conspiracy claims. Doc. 25, at 21, 23. Texas' lawsuit did not include any of these claims. *See* Doc. 1-1, No. 5:23-cv-00312 (N.D. Tex. Dec. 28, 2023). The Texas court could not implicitly find jurisdiction for claims not before it. Nor does speculation about jurisdiction over the Texas Deceptive Trade Practices Act claims matter; Pfizer did not argue that Kansas' Consumer Protection Act claims supported *Grable* jurisdiction. Doc. 25, at 23 n.15.

Pfizer also argues the Texas order supports complete preemption jurisdiction. Doc. 28, at 2 (citing complete preemption arguments in Doc. 25, at 25-28). The Texas court's dismissal was "for essentially the reasons argued in the Motion and Reply." Doc. 28-1, at 2. In those filings, Pfizer asserted "ordinary preemption" and "conflict preemption." Doc. 18, No. 5:23-cv-00312 (N.D. Tex. Mar. 25, 2024), at 12, 16. These forms of preemption "'do[] not render a state-law

1

claim removable to federal court.'" *Devon Energy Prod. Co., L.P. v. Mosaic Potash Carlsbad, Inc.*, 693 F.3d 1195, 1204 n.4 (10th Cir. 2012).

Finally, Pfizer addresses only the colorable federal defense element for federal officer removal. Doc. 28, at 1-2. Although key case differences affect this element's analysis, the court need not reach this element if either of the other two elements fail. *See Doe v. Integris Health, Inc.*, No. 23-6209, 2024 WL 5176877, at *6 (10th Cir. Dec. 20, 2024). The Tenth Circuit's *Integris Health* decision applies the *Suncor* factors argued by Kansas to deny federal officer jurisdiction. *Id.* at *4-*5. The Tenth Circuit rejected arguments, like Pfizer's, that "would permit removal in countless scenarios where private parties voluntarily engage in certain conduct in exchange for payment." *Id.* at *5.

The Court should remand this case.


Dated: December 31, 2024              Respectfully submitted,

                                      **KRIS W. KOBACH**
                                      **ATTORNEY GENERAL**

                                      */s/ Kaley Schrader*
                                      Kaley Schrader, #27700
                                      Assistant Attorney General
                                      Office of the Attorney General
                                      Public Protection Division
                                      120 SW 10th Ave., 2nd Floor
                                      Topeka, Kansas 66612-1597
                                      Tel: 785-296-3751
                                      Fax: 785-291-3699
                                      kaley.schrader@ag.ks.gov

                                      JAMES OTIS LAW GROUP, LLC

                                      */s/ Justin D. Smith*
                                      Justin D. Smith, #79211
                                      Michael C. Martinich-Sauter, #79214
                                      13321 North Outer Forty Road, Suite 300

St. Louis, Missouri 63017
(816) 678-2103
Justin.Smith@james-otis.com

**CERTIFICATE OF SERVICE**

I hereby certify that, on December 31, 2024, I caused a true and correct copy of the foregoing to be filed by the Court's electronic filing system, to be served by operation of the Court's electronic filing system on counsel for all parties who have entered in the case.

/s/ Justin D. Smith