UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **STATE OF KANSAS**, *ex rel.* )<br>**KRIS W. KOBACH**, Attorney General, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**PFIZER INC.**, )<br>)<br>Defendant. )<br>_____ ) | Case No. 6:24-cv-01128-DDC-BGS |

**KANSAS' RESPONSE TO PFIZER'S MOTION TO SEAL AND REDACT EXHIBITS**

Pfizer's Motion to Seal does not comply with the Court's order. To support its claims that it acted under the direction of a federal officer, Pfizer offered to provide the Court with an unredacted copy of Doc. 1-2, the primary document upon which it relies. But when the Court specifically asked Pfizer to follow the local rules to seal information within this document, Pfizer refused and pointed only to a redacted Internet version published by a non-party.

For the documents that it did submit, Pfizer seeks to seal "personal identifying information" due to a "heightened threat landscape." Yet the now-former Pfizer employees at issue continue to publicize their involvement with Pfizer's COVID-19 vaccine, as Pfizer itself did when the individuals worked for the company. The evidence upon which Pfizer relies is stale and does not support its arguments to seal the information.

Pfizer has failed to meet its "heavy burden" to overcome the presumption in favor of public access. Pfizer's conduct also raises serious questions about the veracity of the company's removal arguments. In addition to denying the Motion to Seal, the Court should draw adverse inferences against Pfizer due to its non-compliance with the Court's order.

1

> **I. Pfizer has repeatedly failed to produce an unredacted version of the document vital to its removal argument.**

As the Court already found, Pfizer failed to comply with D. Kan. Rule 5.4.2 by filing redacted versions of Doc. 1-1 and Doc. 1-2 outside of the prescribed process. Doc. 31. The Court thus directed Pfizer to file both documents in compliance with the local rules. *Id.* But despite the Court's clear direction to seek to seal an unredacted version of Doc. 1-2, Pfizer did not do so.

Pfizer's non-compliance with the Court's order is evident because Pfizer has an unredacted copy of Doc. 1-2 that it refused to submit to the Court. According to Pfizer, Doc. 1-2 "set forth specific terms for Pfizer's performance of the contract, including setting anticipated dates for deliverables to the Government, …" Doc. 1, at ¶ 18. Since the Internet version that Pfizer submitted redacts those deliverable dates, *see* Doc. 1-2, at PDF pp. 8, 12-14, Pfizer must have an unredacted version in its possession if for no other reason than to know its deadlines.

Pfizer confirmed that it has an unredacted copy of Doc. 1-2 by offering to submit it to the Court. In response to Kansas' observation that Pfizer possessed an unredacted version of Doc. 1-2, *see* Doc. 19, at 6 n.3, Pfizer assured the Court that it only needed to ask for it: "If the Court believes the unredacted contracts will aid in its resolution of the Motion, Pfizer respectfully requests an opportunity to submit the unredacted versions of the contracts under seal." Doc. 25, at 9 n.9. But when the Court gave Pfizer the opportunity that it requested, Pfizer failed to honor its unconditional offer.

Pfizer has had three opportunities to submit an unredacted version of Doc. 1-2. Pfizer could have submitted it when it filed its Notice of Removal, or when it opposed the Motion to Remand, or when the Court requested it. Yet three times, Pfizer has kept the unredacted version hidden. Pfizer excuses its non-compliance with the Court's order by claiming that it has simply filed "a publicly available document … currently available on the Health and Human Services

Department webpage." Doc. 40, at 2. Pfizer's conduct presents a stark contrast with its removal arguments: Pfizer portrays itself as a federal agent to claim federal jurisdiction, but when pressed for the supporting evidence, Pfizer becomes a distant observer that must scour the Internet for relevant documents.

The unredacted version of Doc. 1-2 is vital because Pfizer relies almost entirely on its redacted provisions. In its Notice of Removal, Pfizer relied only on provisions found in Doc. 1-2, and every provision on which Pfizer relied contained redactions. *See* Doc. 1, at ¶ 18 (citing Doc. 1-2, at 12-14, 14, 11). In its opposition to remand, Pfizer again relied almost exclusively on provisions in Doc. 1-2 that contained redactions. *See* Doc. 25, at 10 (citing Doc. 1-2, at 11, 12-14, 14, 16). As Kansas has previously observed, the "extensive redactions" in Doc. 1-2 should be construed against Pfizer since "doubts [are] resolved against federal jurisdiction." Doc. 19, at 6 n.3 (quoting *Bd. of Cnty. Comm'rs of Boulder Cnty. v. Suncor Energy (U.S.A.) Inc.*, 25 F.4th 1238, 1250 (10th Cir. 2022)).

Federal jurisdiction cannot be created by agreement terms that the federal court and the plaintiff cannot review. Pfizer's decision to withhold the unredacted version of Doc. 1-2 prevents the Court from verifying Pfizer's claims. Like spoliation cases in which the court sanctioned a party by striking evidence, Pfizer's failure to turn over evidence prevents Kansas from fully defending central claims in the case. *Cf. 103 Invs. I, L.P. v. Square D Co.*, 470 F.3d 985, 989 (10th Cir. 2006). Adverse inferences can be drawn at the removal stage. *See Nichols & Comito, LLC v. Simplexgrinnell LP*, 2005 WL 1799301, at *4 (D. Colo. July 27, 2005) ("making an adverse inference against defendant's position due to the inaccuracy or misstatement in its Notice of Removal"). The Court should draw adverse inferences against Pfizer based on its failure to submit the unredacted version of Doc. 1-2 and order any other sanction that it deems appropriate.

## II. Pfizer has failed to satisfy its heavy burden to keep information from the public.

Pfizer seeks to seal "personal identifying information" contained in three documents on which it relies for removal. *See* Doc. 40, at 1-2. None of the documents contain personal identifying information protected by the federal rules. *See* Fed. R. Civ. P. 5.2(a).

"[W]here documents are used to determine litigants' substantive legal rights, a strong presumption of access attaches." *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1242 (10th Cir. 2012) (denying motion to seal) (citation omitted). "To overcome this presumption against sealing, the party seeking to seal records 'must articulate a real and substantial interest that justifies depriving the public of access to the records that inform our decision-making process.'" *JetAway Aviation, LLC v. Bd. of Cnty. Comm'rs of Cnty. of Montrose, Colo.*, 754 F.3d 824, 826 (10th Cir. 2014) (denying motion to seal) (citation omitted). Pfizer has failed to satisfy this "heavy burden." *Helm v. Kansas*, 656 F.3d 1277, 1293 (10th Cir. 2011) (denying motions to seal).

### A. Pfizer seeks to redact information of former employees for information already publicly known.

Publicly available evidence eviscerates Pfizer's privacy arguments relating to two individuals who signed documents for Pfizer. Both individuals have left Pfizer and now work for different companies. *See* Exhibits A and B.[1] Since leaving Pfizer, both individuals have been featured in profile pieces that disclosed—in the article's title—their role in launching Pfizer's COVID vaccine. *See* Exhibits A and B. Many more public appearances involving these individuals, from news articles to commencement addresses, are available online. These individuals apparently do not perceive the same "heightened threat landscape" claimed by Pfizer.

---

[1] Even though the information cited in this section is publicly available, since Pfizer is seeking to seal identities, Kansas is provisionally filing the information under seal in accordance with D. Kan. Rule 5.4.2(a).

*See* Doc. 40, at 4. In fact, the profile pieces post-date the evidence on which Pfizer relies, including one article that was published just this month. *Compare* Exhibit A and Exhibit B *with* Doc. 40, at 3 n.1.

While the employees worked for Pfizer, the company apparently did not believe that disclosing the names of "those involved in the development, manufacture, and distribution of COVID-19 vaccines" would result in a "heightened security threat." Doc. 40, at 3. For example, Pfizer repeatedly issued press releases inviting the public to listen to one of these individuals discuss the COVID vaccine. Both the press releases and the transcripts of these discussions are currently available on Pfizer's website. Five examples are attached in Exhibit C. The other individual gave presentations about Pfizer's COVID-19 vaccine in multiple states. Four examples are attached in Exhibit D.

Information that "appears to have been disclosed previously" in public news articles, Pfizer press releases, and elsewhere on Pfizer's website and the Internet "further undermin[es] [Pfizer's] privacy concerns." *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007) (affirming denial of motion to seal); *see also Peterson v. Minerva Surgical, Inc.*, No. CV 19-2050-KHV, 2023 WL 8531473, at *2 (D. Kan. Dec. 8, 2023) (overruling motion to seal) ("portions of the confidential exhibits are already publicly available"). Pfizer also "cites no authority explaining why the inclusion of a non-party constitutes a real or substantial interest that justifies withholding the contract from the public record." *Sacchi v. IHC Health Servs., Inc.*, 918 F.3d 1155, 1160 (10th Cir. 2019) (denying motion to seal). It is difficult to understand the privacy interest in contact information for former employees, such as Pfizer titles, mailing addresses, and email addresses, since this information is no longer accurate for individuals no longer with the company. Because

5

Pfizer's privacy arguments are contradicted by publicly available information, Pfizer has failed to satisfy its heavy burden to seal information of its former employees.[2]

### B. Pfizer seeks to redact information based on stale and unrelated support.

Pfizer provides three citations to support its sealing and redaction arguments. Pfizer "has failed to come forward with a significant interest that is real and not speculative." *Chadwell v. United States*, No. 20-1372-JWB, 2024 WL 4298677, at *1 (D. Kan. Sept. 26, 2024) (denying motion to seal).

First, Pfizer cites to a February 2022 Department of Homeland Security advisory bulletin. *See* Doc. 40, at 3 n.1. But this advisory bulletin expired nearly three years ago. U.S. Dep't of Homeland Security, *Summary of Terrorism Threat to the U.S. Homeland* (Feb. 7, 2022) ("Expires: June 07, 2022 9:00 AM ET").[3] The bulletin does not mention Pfizer or any current or former Pfizer employee. *See id.* While the bulletin makes a single passing reference to healthcare institutions, *id.*, the discussion relates to COVID-19 vaccine and mask mandates, almost all of which have since disappeared. Based on the age of the document and the many subsequent developments, "the results of the analyses appear stale." *In re EpiPen (Epinephrine Injection, USP) Mktg., Sales Pracs. & Antitrust Litig.*, No. 17-MD-2785-DDC-TJJ, 2019 WL 2490670, at *2 (D. Kan. June 14, 2019). Pfizer does not identify any provision in the advisory bulletin that provides evidence of an on-going threat against the company or any individual.

Second, Pfizer cites to a December 2020 INTERPOL notice. *See* Doc. 40, at 3 n. 1. But the INTERPOL notice warns of individuals "advertising, selling and administering fake vaccines."

---

[2] All the information that Pfizer proposes for redaction relates to non-parties that have not appeared themselves to protect the information. *See* D. Kan. Rule 5.4.2(c).
[3] *Available at* https://www.dhs.gov/ntas/advisory/national-terrorism-advisory-system-bulletin-february-07-2022

6

*INTERPOL warns of organized crime threat to COVID-19 vaccines*, Dec. 2, 2020.[4]  Criminal activity more than four years ago relating to the vaccines themselves does not provide any insight regarding disclosure of agreement signatories.  Pfizer does not identify any provision in the notice that provides evidence of an on-going threat against the company or any individual.

Finally, Pfizer cites to a December 2024 news article about security measures taken by health insurance companies.  *See* Doc. 40, at 4 n.2.  Pfizer presents no evidence that it has taken any security measures to protect the former employees whose identities it seeks to seal.  Nor does the cited article support Pfizer's ominous assertion of "a real danger to Pfizer employees and others, who have been the target of an ongoing pattern of harassment." *Id.* at 4.

Pfizer "has failed to 'submit[ ] any specific argument or facts indicating why the confidentiality of [the contract] outweighs the presumption of public access.'" *Sacchi*, 918 F.3d at 1160 (citation omitted).  "The Court's constitutional duties do not include asserting arguments for sealing records or ferreting out authorities and identifying factors which are necessary for it to conduct the nuanced balancing of the public's right of access against the parties' interests in non-disclosure." *Peterson v. Minerva Surgical, Inc.*, No. CV 19-2050-KHV, 2023 WL 7298793, at *1 (D. Kan. Nov. 6, 2023) (overruling motion to seal).  Because Pfizer has not submitted evidence supporting its motion to seal, Pfizer has failed to satisfy its heavy burden.

## CONCLUSION

For these reasons, the Court should deny Pfizer's Motion to Seal.  In addition, the Court should draw adverse inferences against Pfizer and order any other sanctions it deems appropriate.

---

[4]  *Available at* https://www.interpol.int/News-and-Events/News/2020/INTERPOL-warns-of-organized-crime-threat-to-COVID-19-vaccines.

Dated: April 21, 2025  Respectfully submitted,

**KRIS W. KOBACH**
**ATTORNEY GENERAL**

Melanie S. Jack, #13213
First Assistant Attorney General
Kaley Schrader, #27700
Assistant Attorney General
Office of the Kansas Attorney General
120 SW 10th Ave., 4th Floor
Topeka, Kansas 66612-1597
(785) 296-3751
Melanie.Jack@ag.ks.gov
Kaley.Schrader@ag.ks.gov

JAMES OTIS LAW GROUP, LLC

*/s/ Justin D. Smith*
Justin D. Smith, #79211
Michael C. Martinich-Sauter, #79214
530 Maryville Centre Drive, Suite 230
St. Louis, Missouri 63141
(816) 678-2103
Justin.Smith@james-otis.com

**CERTIFICATE OF SERVICE**

I hereby certify that, on April 21, 2025, I caused a true and correct copy of the foregoing to be filed by the Court's electronic filing system, to be served by operation of the Court's electronic filing system on counsel for all parties who have entered in the case.

*/s/ Justin D. Smith*