IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**STATE OF KANSAS,**

      **Plaintiff**,

v.

**PFIZER, INC.,**

      **Defendant**.

Case No. 24-1128-DDC-BGS

## MEMORANDUM AND ORDER

The court recently concluded that it lacked subject matter jurisdiction over this case and thus remanded it to the District Court of Thomas County, Kansas. Defendant Pfizer, Inc. then filed a Motion to Stay Execution of Remand Order Pending Appeal (Doc. 72). The court grants defendant's motion. And the court directs the Clerk of the Court to notify the state court of the ruling announced in this Order.

**I. Background[1]**

Plaintiff State of Kansas filed this case in the District Court of Thomas County, Kansas. Doc. 1 at 1 (Notice of Removal). Defendant removed the case to this court, in part based on federal-officer removal under 28 U.S.C. § 1442. *Id.* Plaintiff then filed a Motion to Remand. Doc. 19. The court concluded it lacks jurisdiction and ordered the case remanded to state court. Doc. 66. The same day that the Clerk docketed the court's remand order, the Clerk transmitted

---

[1] Neither plaintiff's substantive allegations nor defendant's purported bases for removal (outside of federal-officer removal) are relevant to this Order. For a discussion of these subjects, see Doc. 66.

the remand order to the District Court of Thomas County, Kansas.  Doc. 68.  Later that same day, defendant filed a notice of appeal.  Doc. 69 (Notice of Appeal).

Now, defendant asks the court to stay its remand order.  Doc. 72.  Naturally, plaintiff opposes this motion.  Doc. 73.  Defendant filed a reply, Doc. 76, and the court held a status conference on the motion on May 28, 2025.  *See* Doc. 75.  This Order grants defendant's motion.

**II.     Analysis**

Defendant argues like this:  The court's remand order was a "judgment" for purposes of the Federal Rules of Civil Procedure.  Rule 62 automatically stays "execution on a judgment and proceedings to enforce it" for 30 days.  Fed. R. Civ. P. 62(a).  Thus, the court's remand order was ineffective when our Clerk transmitted it to the state court.  And under *Coinbase, Inc. v. Bielski*, 599 U.S. 736 (2023), defendant's notice of appeal has divested the court of jurisdiction.  Under *Coinbase*, then, the court can't effectuate its remand order until the Circuit has acted.  The court agrees.  The court explains these conclusions, below.  But first, the court addresses plaintiff's argument that the court lacks jurisdiction to consider defendant's motion.

**A.     Jurisdiction over defendant's motion**

The court has jurisdiction to consider defendant's motion.  Plaintiff argues otherwise.  Doc. 73 at 7–8.  According to plaintiff, when a federal court clerk transmits a remand order to state court, the federal court loses jurisdiction over the case.  *Id.* at 7.  The court rejects plaintiff's categorical proposition.

As other courts have explained, the court "*retains jurisdiction* to vacate its already-mailed remand order because the order is appealable under section 1447(d)."  *Plaquemines Par. v. Chevron USA, Inc.*, 84 F.4th 362, 372 (5th Cir. 2023) (emphasis in original).  The wording of 28 U.S.C. § 1447(d) also supports this interpretation.  This statute provides that removals under § 1442 "shall be reviewable by appeal *or otherwise*[.]"  28 U.S.C. § 1447(d) (emphasis added).  If

2

the district court issuing the order can't review it, the "or otherwise" language becomes meaningless. *See Town of Pine Hill v. 3M Co.*, No. 24-00284-KD-N, 2025 WL 994187, at *1 n.2 (S.D. Ala. Apr. 2, 2025) ("The concept that the district court retains the jurisdiction to vacate its remand order is found in § 1447(d) which states that the remand order 'shall be reviewable by appeal *or otherwise*.'" (emphasis in original) (quoting 28 U.S.C. § 1447(d))). Because the court retains "jurisdiction to vacate its remand order, it also ha[s] jurisdiction to stay its remand order." *Plaquemines Par.*, 84 F.4th at 372.

What's more, plaintiff's argument assumes that the act of the Clerk transmitting the remand letter was legally effective. But as the court explains, below, it wasn't. Plaintiff's jurisdiction argument thus rests on a faulty assumption. The court rejects plaintiff's argument and concludes that it hasn't lost jurisdiction to entertain defendant's pending motion. *See Town of Pine Hill*, 2025 WL 994187, at *1 ("[T]he undersigned did not lose jurisdiction of this case based on the remand order being mailed to state court because the automatic stay was in effect preventing the execution of the court's judgment."). The court now turns to the heart of defendant's motion, beginning with this question: whether the court's remand order was subject to an automatic stay.

      **B.**      **The remand order was a "judgment."**

Rule 62's automatic-stay provision applies to "judgments," so the court must first determine whether its remand order is subject to Rule 62. Rule 54 provides: "'Judgment' as used in these rules includes a decree and any order from which an appeal lies." Fed. R. Civ. P. 54(a). The court's remand order is appealable. 28 U.S.C. § 1447(d) (authorizing review of remand order if the case "was removed pursuant to section 1442"); *see also* Doc. 1 at 1 (Notice of Removal) (invoking § 1442). So, the court's remand order qualifies as an "order from which an appeal lies." Fed. R. Civ. P. 54(a). Based on the plain language of Rule 54(a), the court's

3

remand order thus qualifies as a "judgment" for purposes of the Federal Rules of Civil Procedure. *See Town of Pine Hill*, 2025 WL 994187, at *1 (holding that appealable remand order qualifies as a judgment under Rule 54(a)). Also, and as plaintiff acknowledges, Doc. 73 at 5 n.2, this court previously has held that an appealable remand order is a "judgment." *BHCMC, LLC v. Pom of Kan., LLC*, No. 20-2609-DDC-ADM, 2022 WL 392291, at *3 (D. Kan. Feb. 9, 2022) (holding remand order was judgment for purposes of Rule 54(d)(2)(B)). In short, the court concludes that its remand order was a judgment.

### C. Rule 62 automatically stays the court's order, and the court didn't "order otherwise."

Rule 62 provides that "execution on a judgment and proceedings to enforce it are stayed for 30 days after its entry, unless the court orders otherwise." Fed. R. Civ. P. 62(a). Defendant argues that this provision automatically stays the court's remand order. Doc. 72 at 3–4. The court agrees and concludes that the remand order was mailed prematurely to the state court. *See Town of Pine Hill*, 2025 WL 994187, at *1 (holding that Rule 62(a)'s 30-day stay applied to appealable remand order); *Doe v. Saint Francis Hosp., Inc.*, No. 23-CV-00351-SEH-MTS, 2024 WL 5667815, at *1 (N.D. Okla. Oct. 21, 2024) (granting stay of remand order and holding that "remand order is a final judgment subject to Fed. R. Civ. P. 62's 30-day stay of proceedings"); *W. Va. State Univ. Bd. of Governors for & on behalf of W. Va. State Univ. v. Dow Chem. Co.*, No. 17-cv-3558, 2020 WL 3053542, at *1 (S.D.W. Va. June 8, 2020) ("Inasmuch as this case was removed pursuant to 28 U.S.C. § 1442, defendants are entitled to a 30-day automatic stay on the execution of the remand order from the date of its issuance.").

Plaintiff resists this conclusion, arguing that the court's remand order satisfies the final clause of Rule 62(a)—which exempts the automatic 30-day stay when "the court orders otherwise." Fed. R. Civ. P. 62(a); Doc. 73 at 5–7. According to plaintiff, by "remanding the

4

action to state court, the district court has 'order[ed] otherwise,' and thus Rule 62(a)'s automatic stay does not apply to the remand order." Doc. 73 at 5. This position isn't persuasive. The court's remand order didn't specify its immediate effect, mention Rule 62, or otherwise suggest that the court intended to circumvent Rule 62's automatic-stay provision. *See generally* Doc. 66. The court didn't "order otherwise" and so, Rule 62(a)'s 30-day stay applies to the court's remand order.

With that 30-day stay in effect, the case remains one pending before this court. As the court explains next, defendant's notice of appeal prevents the court from executing its remand order.

### D.     *Coinbase* requires the court to stay the proceedings until the Circuit resolves the appeal.

Having resolved that Rule 62(a)'s 30-day stay applies to the court's remand order, the court now must determine whether to stay its order until the Tenth Circuit resolves defendant's pending appeal of the remand order. Based on *Coinbase, Inc. v. Bielski*, 599 U.S. 736 (2023), the court concludes it must stay the remand order while the Circuit considers defendant's appeal.

"An appeal, including an interlocutory appeal, 'divests the district court of its control over those aspects of the case involved in the appeal.'" *Coinbase*, 599 U.S. at 740 (quoting *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982)). *Coinbase* involved an appeal from a district court's order denying a motion to compel arbitration. *Id.* at 739. The Supreme Court explained that because "the question on appeal is whether the case belongs in arbitration or instead in the district court, the entire case is essentially 'involved in the appeal.'" *Id.* at 741 (quoting *Griggs*, 459 U.S. at 58). So, the district court "was required to stay its proceedings" pending appeal. *Id.* at 747.

The same logic applies with equal force here. The issue of where this case belongs—state or federal court—involves "the entire case[.]" *Id.* at 741. Under *Coinbase*, then, the court must stay its hand while defendant's appeal is pending. This principle means that the court lost jurisdiction to transmit a remand order once defendant filed its notice of appeal. *See City of Martinsville v. Express Scripts, Inc.*, 128 F.4th 265, 272 (4th Cir. 2025) ("[Defendants'] appeal divested the district court of authority over the issues involved in that appeal, and the district court had no power to mail its order to state court."). The Southern District of Alabama explained the concept this way:

> When a judgment of remand can be appealed as of right, the judgment is automatically stayed for 30 days pursuant to Rule 62(a). During this 30-day period, the Court can entertain motions to reconsider, or the parties can appeal. As stated previously, the Court jumped the gun and transmitted the case to the state court before the 30-day period ran. But the appeal in this case was timely filed within the time provided by the automatic stay. Once the appeal was filed, this Court lost jurisdiction to execute the remand at the end of the automatic stay.

*Town of Pine Hill*, 2025 WL 994187, at *3. In short, the court lacks jurisdiction to execute its remand order, so it stays that order pending defendant's appeal.[2]

---

[2] Plaintiff tries to distinguish the Fourth Circuit's holding in *Express Scripts* because there, defendant filed its notice of appeal *before* the clerk transmitted the remand order to the state court. Doc. 73 at 9. While plaintiff's facts are correct—our Clerk transmitted the remand order to the state court before defendant filed its notice of appeal—this distinction doesn't furnish the silver bullet plaintiff attaches to it.

Under plaintiff's view, if the clerk transmits the remand order to the state court before a party files a notice of appeal, the district court has no power to stay its remand order. That position invests too much weight into the sequence of events that may occur within hours or even minutes of each other. It's illogical to punish an appellant for filing a notice of appeal only minutes or hours after the clerk transmits a remand order. To do so would allow a clerk's efficiency to affect a party's substantial rights. And neither the Federal Rules of Civil Procedure nor the Federal Rules of Appellate Procedure requires parties to act on such rapid deadlines or face irreversible consequences. *See, e.g.*, Fed. R. Civ. P. 65(b)(4) (providing two days' notice to proponent of TRO before "adverse party may appear and move to dissolve or modify the order"); Fed. R. App. P. 29(a)(6) (providing amicus curiae seven days to file brief "after the principal brief of the party being supported is filed").

The court's interpretation of Rule 62(a) avoids this conundrum. Instead of staking a party's ability to stay a remand order on whether it can file its notice of appeal in the (sometimes narrow)

### E. Circuit precedent isn't to the contrary.

Plaintiff insists that this interpretation of Rule 62(a) violates binding precedent. The Tenth Circuit has treated remand orders as immediately effective, says plaintiff. Plaintiff cites two cases to support its position. Doc. 73 at 1, 4 (first citing *BP Am., Inc. v. Oklahoma ex rel. Edmondson*, 613 F.3d 1029 (10th Cir. 2010); and then citing *In re C & M Props., L.L.C.*, 563 F.3d 1156 (10th Cir. 2009)). According to plaintiff, these cases "implicitly rejected" defendant's Rule 62 argument. *Id.* at 4. But neither case does so.

In *BP America*, the Tenth Circuit included a parenthetical from a treatise, which provides that a "remand is effective when the district court mails a certified copy of the remand order to the state court[.]" 613 F.3d at 1033 (quoting 14C Charles A. Wright, et al., *Federal Practice and Procedure* § 3739, at 907 (4th ed. 2009)). And in *In re C and M Properties*, the Circuit treated a remand order docketed on December 22, 2004, as effective in December 2004. 563 F.3d at 1168. Here's the kicker, though: Neither of these cases says anything about Rule 62 or about *Coinbase* (which the Supreme Court decided more than a decade later). And our Circuit doesn't typically establish binding precedent implicitly. *See Lowe v. Raemisch*, 864 F.3d 1205, 1209 (10th Cir. 2017) ("If an issue is not argued, or though argued is ignored by the court, or is reserved, the decision does not constitute a precedent to be followed." (internal quotation marks and citation omitted)). The court thus disagrees that Circuit precedent compels a different result.

### III. Conclusion

The court's remand order is a "judgment" for purposes of the Federal Rules of Civil Procedure. As such, Rule 62(a)'s automatic-stay provision prevents execution of that judgment

---

window between the court docketing the remand order and the clerk transmitting that order to the state court, Rule 62(a)'s automatic stay guarantees parties 30 days to digest a remand order and consider the full gamut of procedural options.

8

for 30 days.  Because defendant filed its notice of appeal during that 30-day stay, the court lacks jurisdiction to execute its remand order.  So, the court grants defendant's Motion to Stay Execution of Remand Order Pending Appeal (Doc. 72).  The court stays its remand order until the Tenth Circuit adjudicates defendant's appeal.  And the court directs the Clerk to notify the District Court of Thomas County, Kansas of the rulings announced in this Order.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant Pfizer, Inc.'s Motion to Stay Execution of Remand Order Pending Appeal (Doc. 72) is granted.

**IT IS FURTHER ORDERED THAT** the Clerk of the Court is directed to notify the District Court of Thomas County, Kansas of this Order.

**IT IS SO ORDERED.**

**Dated this 30th day of May 2025, at Kansas City, Kansas.**

> **s/ Daniel D. Crabtree**
> **Daniel D. Crabtree**
> **United States District Judge**